## SUPREME COURT.

In the Matter of the Application of WILLIAM W. WRIGHT, CONANT FOSTER and HENRY H. WALKER.

*Bicycles in parks — Power of commissioners of Central Park to prohibit their use therein — Habeas corpus — Supreme court no jurisdiction on habeas corpus after conviction in criminal cases, to retry questions of fact — Office of the writ.*

An ordinance enacted by the commissioners of Central Park that "no bicycle or tricycle be allowed in Central or city parks," is within the discretionary power of the commissioners, and it cannot be held, as matter of fact or law, to be unreasonable.

The supreme court has no jurisdiction on *habeas corpus*, after conviction

in criminal cases, to retry questions of fact upon which the correctness
of the judgment of the court in which the petitioner was convicted
depends; so that the question of the reasonableness or unreasonableness
of the ordinance, so far as it depended on questions of fact, passed
upon by the police justice, could only be reviewed on appeal or writ
of *certiorari* by the appellate court having jurisdiction to hear such
appeals (*Affirming S. C.*, 63 *How.* 345).

*First Department, General Term, March,* 1883.

*Before* DAVIS, *P. J.,* DANIELS *and* MACOMBER, *JJ.*

APPEAL from order of special term dismissing several writs
of *habeas corpus,* and remanding appellants severally to the
custody of the warden of the city prison.

*Edmund Wetmore,* for the appellants.

*George P. Andrews,* for the respondents.

DAVIS, *P. J.* — In disposing of the several writs of *habeas
corpus* in the court below the following opinion was pro-
nounced by the court (*See opinion of* LAWRENCE, J., *reported
in* 63 *How.,* 345). After quoting the entire opinion the
judge says:

We concur in the reasoning and conclusions of this opinion
and in the correctness of the order remanding the prisoners.

We think also that the writs should have been dismissed
and the prisoners remanded without proceeding to the trial
of the question as one of. fact, whether the ordinance was or
was not a reasonable one.

The court has no jurisdiction on *habeas corpus* after con-
victions in criminal cases to retry questions of fact upon
which the correctness of the judgment of the court in which
the petitioner was convicted depends. Such questions must
be tried and determined by the court having jurisdiction to
try the alleged offense. So far as the reasonableness or
unreasonableness of the ordinance depended on questions of

Matter of Wright.

fact, the place for their trial was the court of the police justice, and the judgment of that court could only be reviewed on appeal or writ of *certiorari* by the appellate court having jurisdiction to hear such appeals.

The return to the writ of *habeas corpus* in these cases showed nothing more than the commitment issued by the police justice. They recited the arrest, trial and judgment of the court convicting the petitioners of violating the ordinance. No question was made as to their sufficiency of form. None of the proceedings had before the police justice were brought up, and it must be assumed that the trial was in all respects regular. The traverse simply presented the fact that the ordinance so violated was one enacted by the park commissioners prohibiting the use of bicycles in the Central Park, and alleging that such ordinance was unreasonable and void by reason of the fact set forth in the petition. It is not the province of the writ of *habeas corpus* to retry any questions of fact upon which the findings of the court of original jurisdiction must be presumed to have been predicated. And unless it appear as matter of law that the ordinance is void, it is the duty of the magistrate to remand the petitioner, leaving him to his remedy of review by appropriate proceedings. A very erroneous impression of the purpose and office of the writ of *habeas corpus* seems to be rapidly perverting it from a writ of relief from unlawful imprisonment to one of review for the retrial of questions of fact, or the reconsideration of questions of law, clearly within the jurisdiction of the court or officer who has passed upon the case and committed the accused. In this case the retrial of the question of the reasonableness of the ordinance as one depending upon facts has occupied a long time and the evidence extends through several hundred printed pages.

The opinion of the learned judge at special term has correctly disposed of all the questions, and our reference to the practice is only needed to enable us to disapprove of the unnecessary and illegal course often taken in proceedings

where petitioners have been tried or examined and committed by courts having jurisdiction of both the person and subject matter.

The orders should be affirmed.

DANIELS, J., concurs.